RECEIVED
IN MONROE, LA
MAY 28 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JEFFREY C. SWANK, SR. | CIVIL ACTION NO. 10-366 |
| VERSUS | JUDGE ROBERT G. JAMES |
| L & J TRUST, ET AL. | MAGISTRATE JUDGE KAREN HAYES |

RULING

Before the Court is a Motion to Dismiss Appeal [Doc. No. 5] filed by Trustee John C. Conine ("the Trustee"). For the following reasons, the motion is GRANTED, the Court declines to grant L&J Trust leave to appeal, and L&J Trust's appeal is DISMISSED WITHOUT PREJUDICE.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 22, 2009, Swank, Sr. filed for Chapter 11 bankruptcy in the bankruptcy court for the Western District of Louisiana, Case No. 09-31066. On June 25, 2009, Swank, Sr.'s Chapter 11 case was converted to a Chapter 7 case, and John C. Conine ("the Trustee") was appointed trustee for the Chapter 7 estate.

On July 13, 2009, the Trustee filed an adversary complaint against Thomas Monroe; Swank, Sr.; L&J Trust; Jeffrey C. Swank, Jr. ("Swank, Jr."); and Lindsey B. Swank ("Ms. Swank"). The Trustee alleged that in 2000, Swank, Sr. established, or attempted to establish, L&J Trust for the benefit of his two children, Swank, Jr., and Ms. Swank, and that L&J Trust acquired substantial property adjacent to Swank, Sr.'s property. The Trustee further alleged that Swank, Sr. treated the trust property as his own, *i.e.*, that Swank, Sr. and L&J Trust are a single business enterprise.

On January 22, 2010, the Trustee filed an *ex parte* application to employ John W. Luster ("Luster") as special counsel to the Trustee in the adversary proceeding. On January 25, 2010, the

bankruptcy court entered an order ("the Order") granting the motion. [Doc. No. 1-3]. The Order states that Luster's compensation will be fixed and paid as an expense of administration. *Id.*

On March 1, 2010, L&J Trust filed a notice of appeal of the Order to this Court. [Doc. No. 1]. L&J Trust argues that the Order should be reversed because the Trustee "did not set forth sufficient facts evidencing the need for employment of special counsel, nor did [he] disclose all of the relevant connections between the two of them," and, therefore, "[t]he bankruptcy court's determination that Luster was a disinterested person whose employment was in the best interest of the estate was clearly erroneous." [Doc. No. 11].

On March 4, 2010, the Trustee filed a Motion to Dismiss Appeal. [Doc. No. 5]. On March 21, 2010, L&J Trust filed a response. [Doc. No. 16].

## II. LAW AND ANALYSIS

The Trustee asserts that L&J Trust's appeal of the Order should be dismissed because this Court lacks jurisdiction. L&J Trust contends that the Court has jurisdiction because the Order is a final appealable order.

"[D]istrict courts . . . have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; . . . and (3) with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a). "[A]n order which ends a discrete judicial unit in the larger case concludes a bankruptcy proceeding and is a final judgment . . . ." *In re Heard Family Trucking, Inc.*, 41 F.3d 1027, 1029 (5th Cir. 1995) (quotation and citation omitted). "Examples of 'final,' appealable orders of a bankruptcy court include turnover orders or orders recognizing the security interest of a creditor." *Smith v. AET Inc., Ltd.*, No. 07-123, 2007 WL 1644060, at *3 (S.D. Tex. June 4, 2007) (citing *In re Greene County Hosp.*, 835 F.2d 589, 595 (5th Cir. 1988)). "In contrast, bankruptcy court orders 'that

constitute only a preliminary step in some phase of the bankruptcy proceeding and that do not directly affect the disposition of the estate's assets [are] interlocutory and not appealable.'" *Id.* (quoting *In re Delta Servs. Indus.*, 782 F.2d 1267, 1270-71 (5th Cir. 1986)).

In *Delta*, the Fifth Circuit Court of Appeals held that an "order approving the appointment of . . . counsel for [a] trustee is interlocutory" and unappealable as a matter of right. 782 F.2d at 1272. L&J Trust attempts to discredit the holding in *Delta* by arguing that the case was decided over two decades ago and that appellate courts from other circuits have held that an order approving the appointment of counsel for a trustee is a final order. *See, e.g., In re Arochem Corp.*, 176 F.3d 610 (2nd Cir. 1999). L&J Trust also argues that the holding in *Delta* conflicts with subsequent Fifth Circuit cases which state that finality in bankruptcy proceedings is to be viewed in a more practical and less technical light than in civil cases. *See, e.g., England v. Fed. Deposit Ins. Corp.*, 975 F.2d 1168, 1171 (5th Cir. 1992). However, the Fifth Circuit has recently reaffirmed its holding in *Delta*, albeit in an unpublished decision, and L&J Trust has failed to articulate a reason why this Court should depart from the express holding. *In re Pericone*, 319 Fed. App'x 325, 326 (5th Cir. 2009) (citing *In re Delta Servs. Indus.*, 782 F.2d at 1272). The Court finds that the Order is not a final appealable order under 28 U.S.C. § 158(a)(1).

However, in the alternative, L&J Trust contends that the Court should grant it leave to appeal the Order.[1]

"The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *In re O'Connor*, 258 F.3d 392, 399-400 (5th Cir. 2001)

---

[1] The Court notes that L&J Trust did not file a separate motion for leave to appeal. However, if a motion for leave is not filed, a district court may consider the notice of appeal as a motion for leave to appeal. FED. R. BANKR. P. 8003(c).

(citation omitted). "Because interlocutory appeals interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored." *In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985) (internal citations omitted). District courts typically follow 28 U.S.C. § 1292(b) in determining whether to grant leave to appeal a bankruptcy order when a controlling issue of law is involved; the question is one where there is substantial ground for difference of opinion; and an immediate appeal would materially advance the ultimate termination of the litigation. *See In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991) (noting that district courts routinely follow § 1292(b) when considering whether to grant an interlocutory appeal of a bankruptcy court order); *see also Sims v. Sunnyside Land, LLC*, 425 B.R. 284, 290 (W.D. La. 2010).

L&J Trust contends that its appeal satisfies § 1292(b) because:

> i) the issue is whether interested parties should have been provided notice and an opportunity to be heard when a trustee wishes to employ his law partner as counsel for the estate; ii) the Trustee's law partner is appointed without disclosing their relationship; iii) the Trustee's request for appointment of his law partner, and the performance under the appointment creates a conflict of interest; iv) the bankruptcy proceedings would be advanced by determining whether it is in the best interest of the estate to allow the Trustee to hire his partner at a rate of $300/hr.; and v) . . . the bankruptcy court was unable to consider the relevant facts (because [they] were never presented) about the Trustee's conflict and the litigation risk posed by the Adversary Complaint.

[Doc. No. 16, p. 11].

The Trustee argues that Luster is not his law partner, but seemingly agrees that this appeal raises new factual allegations about the relationship between the Trustee and Luster which were not previously presented to the bankruptcy court.

The Court finds that L&J Trust's appeal is "heavily fact-based," "necessarily involve[s] a

4

review of the factual record," and, therefore, it "[is] not appropriate for interlocutory review under the standard set forth in 28 U.S.C. § 1292(b)." *Smith*, 2007 WL 1644060, at *6 (citing *Garner v. Wolfinbarger*, 430 F.2d 1093, 1097 (5th Cir. 1970) ("'question[s] of fact or matter[s] for the discretion of the trial court' are not appropriate issues for interlocutory appeals")). Furthermore, L&J Trust fails to show that its appeal would materially advance the ultimate termination of the litigation. Therefore, the Court declines to grant L&J Trust leave to appeal, and L&J Trust's appeal is DISMISSED WITHOUT PREJUDICE.

## III.  CONCLUSION

For the foregoing reasons, the Trustee's Motion to Dismiss [Doc. No. 5] is GRANTED, the Court declines to grant L&J Trust leave to appeal, and L&J Trust's appeal is DISMISSED WITHOUT PREJUDICE.

MONROE, LOUISIANA, this **27** day of **May**, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE